[Cite as *Muhammad v. Muhammad*, 2011-Ohio-2187.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
GREENE COUNTY

| | | |
|---|---|---|
| KELLY R. MUHAMMAD | : | |
| | : | Appellate Case No. 2010-CA-32 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 03-DR-214 |
| v. | : | |
| | : | |
| SYED MUHAMMAD | : | (Civil Appeal from Common Pleas |
| | : | Court, Domestic Relations) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 6th day of May, 2011.

. . . . . . . . . . .

KELLY R. MUHAMMAD, 707 Sutton Drive, Xenia, Ohio 45385
        Plaintiff-Appellee, *pro se*

DAVID S. PETERSON, Atty. Reg. #0007836, Peterson & Peterson, LLC, 87 South Progress
Drive, Xenia, Ohio 45385
        Attorney for Defendant-Appellant

. . . . . . . . . . . .

BROGAN, J.

{¶ 1}  Syed Muhammad appeals from the judgment of the Greene County Common

Pleas Court modifying appellant's child support order.  Syed and Kelly Muhammad were

married in 1996 and had two children as issue of their marriage.  One child was born in

February 1997, and the second child was born in August 1998.

{¶ 2}   In July 2003, Kelly filed for divorce from Syed and the court granted an uncontested divorce in October 2003.   The court ordered Syed to pay $337.19 per month per child based on the court's imputing $35,000 a year income to him.   At the time of divorce, Syed had a temporary support arrearage of $7,775.53.   The court found that Kelly had an annual income of $7,670 a year at the time of the divorce.

{¶ 3}   In June 2007, the court held Syed in contempt for his failure to pay one-half of the parties' marital debts as ordered in the decree of divorce.   In December 2009, Syed moved for a reduction of the court's child support order.   He also sought release from the confinement imposed for the contempt finding.   The court denied Syed's motion to be released from the sixty-day order of confinement.   On April 27, 2010, the trial court granted Syed's motion to reduce his support obligation and this appeal followed that order.

{¶ 4}   At the hearing on the motion, Syed testified he was a first-year student at Wright State University studying nursing.   He testified he had attended Malcolm X College in Chicago between 2003 and 2005 studying surgical technology. The program was a work-study program.   Syed testified he earned $3,541 in 2004 working for a company called Sterile Med, Inc.   In 2005, Syed testified he made $28,715 working for the same employer.   In 2006, Syed said his income from Sterile Med, Inc. fell to $8,948.   In 2007, Syed testified he made $12,000 a year working at Illinois Bone and Joint in Morton Grove, Illinois.   Syed testified he only worked five months that year however.

{¶ 5}   Syed contends in his first assignment of error that the trial court abused its discretion in determining that he was voluntarily underemployed and imputing annual income of $32,000 to him.   Appellant contends he never earned $35,000 a year although that was the

court's finding at the time of the divorce.

{¶ 6} Syed never appealed the trial court's determination that he earned $35,000 a year at the time of the divorce in October 2003. There was evidence that Syed attended school between 2003 and 205 and earned $28,715 in 2005. After that year, Syed's income fell considerably until 2009 when his income fell to under $2,000 a year. At the time of the hearing, Syed was attending the Nursing Program at wright State University.

{¶ 7} A trial court has discretion in the calculation of child support, and, absent an abuse of discretion, an appellate court shall not disturb a child support order. *Pauley v. Pauley* (1997), 30 Ohio St.3d 386, 390. To constitute an "abuse of discretion," the trial court must exhibit an attitude that is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio.St.3d 217, 219. *Bertram v. Bertram*, Clark App. No. 2007-CA-135, 2009-Ohio-55.

{¶ 8} R.C. 3119.01(C)(5) defines "income" for child support calculation purposes as "either of the following: (a) For a parent who is employed to full capacity, the gross income of the parent; (b) For a parent who is unemployed or underemployed, the sum of the gross income of the parent and any potential income of the parent."

{¶ 9} Syed testified he only made $2,349 in 2008 because he was working part-time while attending school. He testified he was a clerk in a food store in Chicago. Syed said he earned $1,608 in 2009 at the food store and then graduated from Malcolm X College with a degree in surgical technology. He testified he lived with his parents in Chicago while attending school.

{¶ 10} Syed testified that although he is enrolled in the nursing program at Wright

State, he has applied at Miami Valley Hospital and Marion Staffing for a position as a surgical technician. Syed also testified he has sought employment through Wright Search at Wright State University. Syed testified his search is limited to areas serviced by public transportation since he has a suspended driver's license.

{¶ 11} At the conclusion of the hearing, the trial court determined that it was not appropriate to alter Syed's prior imputed income.[1] The court found that Syed had not come to court with clean hands and that he showed a general contempt for the court's authority. The court found Syed's testimony was not credible. In contrast, the court found that Kelly was a hard-working and responsible adult. The court found that Kelly now earned $28,225 and is currently employed as a case worker for Greene County Children's Services Board. The court lowered Syed's support obligation to $624.97 per month.

{¶ 12} Syed contends that he would not have attended nursing school if he could have found stable and reliable income as a surgical technician. He argues that the trial court abused its discretion in not permitting him to make partial payments toward his support obligation while attending school with the balance accruing as an arrearage payable upon graduation.

{¶ 13} We have previously held that a reduction of a child support obligor's income as a result of a voluntary choice does not necessarily demonstrate voluntary underemployment. The test is whether that choice was made with due regard to the obligor's income producing abilities and his duty to provide for the continuing needs of his children. *Woloch v. Foster* (1994), 98 Ohio App.3d 806.

---

[1] The trial court apparently misspoke when it stated that appellant's imputed income would remain at $32,000.

{¶ 14} Although the court is well aware of the difficulty many Americans are experiencing in finding stable employment, we cannot say the trial court abused its discretion in imputing $32,000 in annual income to the appellant. Importantly, the trial court specifically noted it found Syed's testimony not credible. Apparently, the court believed Syed did not appreciate the urgency of finding employment which would permit him to meet his support obligation to his two young children. The appellant's first assignment of error is Overruled.

{¶ 15} In appellant's second assignment he contends the trial court abused its discretion in finding that he came to court with unclean hands and displayed a general contempt for the court's authority. This assignment is also without merit. The trial court noted that appellant only sought a modification of his support obligation after ignoring his obligation to his children for several years after the divorce. To that extent, the appellant approached the court with unclean hands.

{¶ 16} The judgment of the trial court is Affirmed.

. . . . . . . . . . . . .

GRADY, P.J., and FROELICH, J., concur.

(Hon. James A. Brogan, retired from the Second District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio).


Copies mailed to:

Kelly Muhammad
David Peterson
Hon. Steven L. Hurley